IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN JACKSON,

      Petitioner,                  No. CIV S-10-2462 GEB GGH P

  vs.

GARY SWARTHOUT, et al.,

      Respondents.              <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        On January 24, 2011, the United States Supreme Court in a per curiam decision found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. <u>Swarthout v. Cooke</u>, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011). Quoting, inter alia, <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus relief does not lie for errors of state law.'" <u>Id.</u>  While the high court found that the Ninth Circuit's holding that California law does create a liberty interest in parole was "a reasonable application of our cases" (while explicitly not reviewing that holding), the

1

1 Supreme Court stated:

2       When, however, a State creates a liberty interest, the Due Process
Clause requires fair procedures for its vindication-and federal
3       courts will review the application of those constitutionally required
procedures. In the context of parole, we have held that the
4       procedures required are minimal.

5 Swarthout v. Cooke, at *2.

6       Citing Greenholtz,[1] the Supreme Court noted it had found under another state's

7 similar parole statute that a prisoner had "received adequate process" when "allowed an

8 opportunity to be heard" and "provided a statement of the reasons why parole was denied."

9 Swarthout, at *2. Noting their holding therein that "[t]he Constitution [] does not require more,"

10 the justices in the instances before them, found the prisoners had "received at least this amount of

11 process: They were allowed to speak at their parole hearings and to contest the evidence against

12 them, were afforded access to their records in advance, and were notified as to the reasons why

13 parole was denied." Id.

14       The Supreme Court was emphatic in asserting "[t]hat should have been the

15 beginning and the end of the federal habeas courts' inquiry...." Swarthout, at *3. "It will not do

16 to pronounce California's 'some evidence' rule to be 'a component' of the liberty interest...." Id.

17 "No opinion of ours supports converting California's "some evidence" rule into a substantive

18 federal requirement." Id. Thus, it appears there is no federal due process requirement for a

19 "some evidence" review and it also appears that federal courts are precluded from review of the

20 state court's application of its "some evidence" standard.

21 \\\\\

22 \\\\\

23 \\\\\

24 \\\\\

25 _____

26       [1] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

1 | The parties have twenty-one days to provide simultaneous supplemental briefing, in light of the very recent decision noted above, demonstrating why the instant petition should not be dismissed. The court will not look with favor upon requests for extensions of time.

IT IS SO ORDERED.

DATED: February 2, 2011

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
roll2983.osc